# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-1306

_____

| | | |
|---|---|---|
| Regina Wozee, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the |
| | * | Board of Immigration Appeals. |
| Alberto Gonzales, Attorney General | * | |
| of the United States of America,[1] | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted:  October 6, 2006
Filed: October 11, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Regina Wozee petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  After careful review of the record, see Eta-Ndu v. Gonzales, 411 F.3d 977, 982-83 (8th Cir. 2005) (standard of review), we agree with the BIA that Wozee failed to prove eligibility for

_____

[1]Alberto Gonzales, who has been appointed to serve as Attorney General of the United States, is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

asylum, see Nyonzele v. INS, 83 F.3d 975, 981 (8th Cir. 1996); and thus that her claim for withholding of removal necessarily failed as well, see Turay v. Ashcroft, 405 F.3d 663, 667 (8th Cir. 2005). As to the CAT claim, on this court's remand to the BIA for reconsideration of this claim, the BIA found that the most recent (then 2004) State Department reports showed Charles Taylor--identified as the basis for Wozee's fear of future persecution--was no longer in power in Liberia and had left the country. See Vonhm v. Gonzales, 454 F.3d 825, 826-27 (8th Cir. 2006) (discussing Taylor's August 2003 departure from Liberia). The BIA further found no evidence that Wozee could not relocate within Liberia. While we disagree with respondent that Wozee has waived her CAT claim altogether by not submitting another brief following the BIA's last order, we conclude that the arguments Wozee made in her initial brief as to CAT relief no longer provide a basis for granting her petition on this claim. Cf. Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (petitioner waives claim by not presenting meaningful argument on it in his appellate brief).

Accordingly, we deny the petition for review.

_____